**HATTIE v SHAHEEN**

Ohio Appeals, 6th Dist, Stark Co

No 1093. Decided ·Oct, 1930

Seeman & Seeman and Cline & Patterson, all of Canton, for Hattie.

Kenneth B. Cope, Canton, for Shaheen.

WASHBURN, J. (9th Dist) sitting in place of HOUCK, J.

LEMERT, J.

A careful examination of the record discloses and substantiates the defendant's charges of negligence against the plaintiff ,but we believe the record wholly fails to substantiate the charges of negligence by the plaintiff against the defendant. We do not deem it necessary to review the testimony of the numerous witnesses in this case at great length, but suffice it to say, from a careful examination of the record we find and believe that the verdict of the jury was fully warranted by the evidence in the case.

Another error presented by plaintiff in error in their brief is that the Court erred in refusing to give the second charge requested by the plaintiff. It is observed from an examination of this charge that it did not reflect a true statement of the law applicable to the case at bar and in oral argument it is further contended that the Court erred in charging the jury that the plaintiff, who was riding on a wagon, which he was steering and propelling with one of his feet, was not a pedestrian.

The city ordinance, we note, which was in effect at the time of the happening of the accident, although not defining the word 'pedestrian', refers to pedestrians in

many instances and in each instance the reference is to some one afoot, and it is contended on the part of the defendant that the plaintiff was operating a vehicle. We note that the word 'vehicle' as used in Section 2 of the ordinances, includes equestrians, led horses, and everything on wheels or runners, except street cars and baby carriages. In section B of the same ordinance, the word 'driver' as used, includes the rider or driver of a horse, the rider of wheels and the operator of a vehicle, automobile, motor vehicle or motorcycle.

We believe that under the ordinance that was in effect at the time of this accident, that the plaintiff would be considered the operator of a vehicle. It will be noted that the city ordinance in effect at the time of the accident included everything on wheels, except street cars and baby carriages, and we therefore find and believe that the same would include a coaster wagon, which was being used and operated by the plaintiff for his own transportation.

We therefore find and believe that the trial Court charged the jury correctly on that proposition of law and fully protected the rights of the plaintiff by admitting in evidence the various sections of the ordinance pertaining to the rights of pedestrians at intersections, in his charge to the jury.

There being no other errors claimed by the plaintiff in error, we find upon a full examination of the entire record and the Court's charge that both parties had a fair and impartial trial and the jury was fully warranted in the verdict so rendered.

It therefore follows that the judgment in this case will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J, and Washburn, J, concur.